UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
NORMA AMAYA, individually and on behalf of all others similarly situated,

                                    Plaintiff,

                -against-

METICULOUS CLEANING SERVICES INC. and
ZERLINDA RODRIGUEZ,

                                  Defendants.
------------------------------------------------------------------------X

Civil Action No.

COMPLAINT

Plaintiff Norma Amaya ("Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, Katz Melinger PLLC, complaining of the defendants, Meticulous Cleaning Services Inc. ("Meticulous Cleaning"), and Zerlinda Rodriguez (collectively, "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"); the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*. ("NJWHL"); and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq*. ("NJWPL").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the NJWHL and NJWPL pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New Jersey.

6. At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), N.J.S.A. 34:11-4.1(b), and N.J.S.A. 34:19-2(b).

7. Meticulous Cleaning is a domestic corporation with its principal place of business located at 22 Wyckoff Ave, Waldwick, NJ 07463 (the "Office").

8. Meticulous Cleaning provides cleaning services to various residential and commercial locations throughout New Jersey (the "Work Locations").

9. Rodriguez is an individual residing, upon information and belief, in the state of New Jersey.

10. At all relevant times, Rodriguez was, and still is, an officer, director, shareholder and/or person in control of Meticulous Cleaning who exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of pay for employees; and maintain employment records.

11. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising her performance.

12. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

13. At all relevant times, Defendants were responsible for compensating Plaintiff.

14. Defendants are joint employers who jointly managed, supervised, hired, fired, and compensated employees, including Plaintiff, and are jointly and severally liable in this matter.

15. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

16. Defendants operate in interstate commerce.

17. All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

18. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of herself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

19. The FLSA Collective Plaintiffs consist of no less than twelve (12) similarly situated current and former housekeepers employed by Defendants, who work or worked in excess of forty (40) hours per week and are victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation and other pay.

20. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all hours worked in excess of forty (40) per week and failing to pay employees for all hours worked.

21. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

22. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

23. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, and are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### V. Factual Allegations

24. Defendants employed Plaintiff as a housekeeper from in or around January 2017 until on or around February 4, 2021.

25. As a housekeeper, Plaintiff's job duties included sweeping, vacuuming, and mopping floors; making beds; doing laundry; washing dishes; cleaning kitchens and bathrooms; dusting furniture; and taking out garbage.

26. Throughout Plaintiff's employment, she was assigned to work at approximately six (6) to eight (8) Work Locations per day.

27. Throughout her employment, Plaintiff's regularly scheduled hours at the Work Locations were Mondays through Fridays from between approximately 6:00 a.m. and 7:30 a.m. until between approximately 7:00 p.m. and 8:30 p.m., depending on that day's assigned Work Locations.

28. At the start of each workday, Plaintiff was required to arrive at the Office between 5:30 a.m. and 7:00 a.m., depending on that day's assignments, in order to pick up cleaning

supplies before traveling to her first Work Location of the day. At the end of each workday, Plaintiff was required to travel back to the Office to drop off the cleaning supplies, submit her self-reported schedule for that day, and review her schedule for the following day. This resulted in approximately one (1) hour of preparation and travel time each day, totaling five (5) preparation hours per week ("Preparation Hours").

29.     Throughout her employment, Plaintiff was not afforded daily meal or rest breaks, and was required to eat any meals during shifts while traveling from one Work Location to the next.

30.     On average, Plaintiff typically worked a total of between approximately forty-seven (47) and fifty-five (55) hours per week at the Work Locations ("Work Location Hours").

31.     Throughout her employment, Plaintiff was compensated at a fixed hourly rate for all Work Location Hours worked, including those over forty (40) per week.

32.     From the start of Plaintiff's employment until in or around the end of February 2017, Defendants paid Plaintiff $8.50 per hour for each Work Location Hour worked, including those over forty (40) per week.

33.     From in or around March 2017 until in or around December 2018, Defendants paid Plaintiff $10.50 per hour for each Work Location Hour worked, including those over forty (40) per week.

34.     From in or around January 2019 until the end of Plaintiff's employment, Defendants paid Plaintiff $11.50 per hour for each Work Location Hour worked, including those over forty (40) per week.

35.     Throughout Plaintiff's employment, Defendants did not compensate Plaintiff for any of the Preparation Hours.

36. Defendants tracked the hours worked by Plaintiff and other similarly situated employees by requiring employees to log their Work Location Hours on a daily schedule and submit said daily schedule at the end of each workday.

37. Throughout their employment with Defendants, Plaintiff and the similarly situated employees were not compensated as required by FLSA § 785.38 for the time they spent collecting cleaning supplies at the beginning of the day, and returning the cleaning supplies at the end of the day.

38. Furthermore, despite routinely working in excess of forty (40) hours per week, Plaintiff and the similarly situated employees were not paid overtime compensation of one and one-half (1.5) times their regular hourly rates or the applicable minimum wage, whichever is greater, for all of the hours they worked in excess of forty (40) per week.

39. Instead, Defendants compensated Plaintiff and the similarly situated employees for all Work Location Hours at a fixed hourly rate for all hours worked, including those Work Location Hours worked over forty (40) per week.

40. Defendants violated federal and state law by willfully failing to pay Plaintiff and the similarly situated employees overtime compensation and other wages due.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the Fair Labor Standards Act)*

41. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

42. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

43. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

44. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) in a week.

45. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

46. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

47. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
*(Overtime Violations under the NJWHL)*

48. Plaintiff repeats and realleges all prior allegations set forth above.

49. Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff was entitled to overtime wages of one and one-half (1.5) times her regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

50. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

51. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

52. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

53. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to no more than two-hundred percent (200%) of her unpaid wages.

54. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
*(Failure to Timely Pay Wages in Violation of the NJWPL)*

55. Plaintiff repeats and realleges all prior allegations.

56. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to her at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

57. Defendants also failed to pay Plaintiff all wages due to her not later than the regular payday for the pay period in which she was terminated, in violation of N.J.S.A. 34:11-4.3.

58. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due, including overtime wages and other pay, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

59. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of her unpaid wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Third Cause of Action for all unpaid wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) interest;

c) costs and disbursements; and

d) such other and further relief as is just and proper.

Dated: New York, New York
March 4, 2021

                                                  */s/ Nicole Grunfeld*
Nicole Grunfeld
KATZ MELINGER PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
ndgrunfeld@katzmelinger.com
*Attorneys for Plaintiff*