# KATZMELINGER

280 MADISON AVENUE, SUITE 600
NEW YORK, NEW YORK 10016
www.katzmelinger.com

| | |
|---|---:|
| Nicole Grunfeld | t: 212.460.0047 |
| Katz Melinger PLLC | f: 212.428.6811 |
| | ndgrunfeld@katzmelinger.com |

May 23, 2022

**Via ECF**
The Honorable Edward S. Kiel
United States District Court
District of New Jersey
2 Federal Square
Courtroom 8, Newark, NJ 07102

      Re:   *Amaya v. Meticulous Cleaning Services Inc. et al.*
             **Civil Action No. 2:21-cv-05687**

Your Honor:

      We are attorneys for plaintiff Norma Amaya, and write jointly with counsel for defendants Meticulous Cleaning Services and Zerlinda Rodriguez to seek approval of the parties' agreement to settle Plaintiff's claims, which include claims for overtime and minimum wage violations pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").[1] Plaintiff and Defendants write to respectfully request that the Court approve the settlement agreement between them, a copy of which is attached hereto as **Exhibit 1**, and allow them to discontinue the matter with prejudice, pursuant to Fed. R. Civ. P. 41 (a)(2).

      **1. Summary of Plaintiff's Claims**

      This matter arises out of Plaintiff's employment with Defendants. Plaintiff alleges that she was employed by Defendants as a housekeeper from in or around January 2017 until on or around February 4, 2021. As a housekeeper, Plaintiff's principal job responsibilities included, *inter alia*,

---

[1] The parties have executed a separate settlement agreement to resolve the other claims in Plaintiff's Complaint, including claims asserted pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a(4) ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPL"). Courts in this Circuit have found that where a matter involves both FLSA and non-FLSA claims, only settlement of the FLSA claims require court approval. *E.g., Devine v. Ne. Treatment Centers, Inc.,* 2021 WL 4803819, at *2 (E.D. Pa. Oct. 14, 2021)("[T]he Court is required to approve only the part of the settlement agreement that implicates the FLSA claims"); *Solkoff v. Pennsylvania State Univ.*, 435 F. Supp. 3d 646, 655 (E.D. Pa. 2020)("[P]arties are free to settle the non-FLSA claims without court approval or supervision").

sweeping, vacuuming, and mopping floors; making beds; doing laundry; washing dishes; cleaning kitchens and bathrooms; dusting furniture; and taking out garbage. Throughout her employment with Defendants, Plaintiff alleges that she regularly worked five (5) days per week, Mondays through Fridays, for a total of approximately forty-seven (47) to fifty-five (55) hours per week. Plaintiff alleges that throughout her employment, she was compensated at a flat hourly rate, and was not paid the appropriate overtime rate for hours worked in excess of forty (40) per week.

**Defendants' Position**

Defendants adamantly deny any and all wrongdoing and allege that Plaintiff was properly compensated for all hours worked. Nevertheless, in the interest of resolution, and the expenditure of significant time and costs to prepare for trial, Defendants agree to the terms of the settlement, negotiated in good faith between the parties, through their counsel.

**The Proposed Settlement Should Be Approved**

1. The Settlement Resolves Bona Fide Disputes and is Fair and Reasonable to Plaintiff

To approve an FLSA settlement agreement in the Third Circuit, the court must determine whether "the compromise reached is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Davis v. Essex Cty.*, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015) (internal quotations and citations omitted). "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement 'reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching,' and the bona fide dispute must be determined to be one over 'factual issues' not 'legal issues such as the statute's coverage or applicability.'" *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (citations omitted). District courts in the Third Circuit typically consider the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir.1975) in determining whether a FLSA settlement is fair and reasonable. *Cruz v. JMC Holdings, Ltd.*, 2019 WL 4745284, at *4 (D.N.J. Sept. 30, 2019). Those factors are: "...(1) the complexity, expense and likely duration of the litigation ...; (2) the reaction of the class to the settlement ...; (3) the stage of the proceedings and the amount of discovery completed ...; (4) the risks of establishing liability ...; (5) the risks of establishing damages ...; (6) the risks of maintaining the class action through the trial ...; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery ...; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation ...." *Id.* (citing *Girsh*, 521 F.2d at 157).

The proposed settlement agreement between Plaintiff and Defendants reflects a reasonable compromise of bona fide disputes regarding Plaintiff's claims, rather than a mere waiver of statutory rights brought about by overreaching. To the contrary, Plaintiff is represented by competent counsel and the proposed agreement resolves bona fide disputes as to Plaintiff's ability to recover alleged unpaid overtime wages and other damages.

Moreover, the proposed settlement agreement is fair and reasonable to Plaintiff. The FLSA settlement amount[2], $10,500.00, results in a recovery to Plaintiff of $6,654.08 after expenses and proposed attorneys' fees. This sum is fair and reasonable given the early stage at which the settlement was reached; the risk that Plaintiff would not prevail on all of her claims after a trial; and the fact that Plaintiff will receive the full settlement amount within six months of the Court's approval of the settlement agreement. Furthermore, Plaintiff and Defendants engaged in extensive negotiations and gathered and exchanged information relevant to the claims and defenses in this matter; they can therefore accurately assess the strengths and weaknesses of the asserted claims and their respective positions. *Cruz*, 2019 WL 4745284, at *5 (concluding that the parties appreciated the merits of the case because, *inter alia*, the parties engaged in discovery of relevant documents and various arm's-length negotiations). Thus, although Plaintiff and Defendants hold opposing views on the merit and value of Plaintiff's claims, the arm's length bargaining between such represented parties, along with the information shared through discovery, weigh in favor of finding the settlement reasonable.

2. The Settlement Furthers the Implementation of the FLSA

As further explained above, Plaintiff and Defendants hold opposing views on the merit and value of Plaintiff's claims. Given Defendants' claims that Plaintiff was properly paid for all hours worked, there is a risk to Plaintiff that she will be unable to prevail on any of her claims if a fact finder were to determine that Defendants' defenses are convincing. By reaching a settlement with Defendants, Plaintiff avoids the substantial risk of receiving an unfavorable outcome in this matter. Furthermore, the agreement provides that Plaintiff will receive the entire settlement amount within six months. Lastly, the proposed settlement agreement between Plaintiff and Defendants is devoid of any provisions that would frustrate the implementation of the FLSA.

3. Plaintiff's counsels' fees are reasonable

Plaintiff and her counsel maintain that the proposed amount of attorneys' fees is also fair and reasonable. "[T]he percentage-of-recovery method has been accepted as an established approach to evaluating the award of attorneys' fees in the Third Circuit." *Brumley*, 2012 WL 1019337, at *9. Under the percentage-of-recovery method, fee awards ranging from 19 percent (19%) to 45 percent (45%) of the settlement fund have been deemed reasonable. *Id.* at *12; *see also, Davis*, 2015 WL 7761062, at *5. Under the proposed agreement between Plaintiff and Defendants, Plaintiff's counsel would recover $518.89[3] as reimbursement for costs and expenses, and $3,327.03[4] in fees. Under Plaintiff's contingency fee agreement, Plaintiff's counsel is entitled to recover out of Plaintiff's settlement amount fees totaling one-third (1/3) of any amounts recovered on behalf of Plaintiff, as well as costs and expenses, which is reasonable. *Brumley,* 2012

---

[2] A compensatory amount is also paid to Plaintiff in the separate agreement resolving the non-FLSA claims.

[3] The costs and expenses are as follows: $400.00 for the filing fee; $326.00 for process server fees; and $311.78 in translation services, for a total of $1,037.78. The total amount of $1,037.78 is evenly split between the FLSA and non-FLSA settlement agreements.

[4] Attorney's fees in the non-FLSA agreement is based on the same contingency percentage as in this agreement.

WL 1019337, at *12 ("Counsel's request for one-third of the settlement fund falls within the range of reasonable allocations in the context of awards granted in other, similar cases").

Moreover, a lodestar crosscheck also supports Plaintiff's counsel's fee request. As indicated by Plaintiff's counsel's time records, attached hereto as **Exhibit 2**, Plaintiff's counsel has spent a total of 45.8 hours on this matter as follows: Nicola Ciliotta, 21.40 hours; Eliseo Cabrera, 7.10 hours; Katherine Morales, 1.10 hours; Nicole Grunfeld, 16.0 hours; and Kenneth Katz 0.2 hours. Plaintiff's counsels' hourly rates –$285.00, $325.00, $325.00, $435.00, and $500.00, respectively – are reasonable based on their experience and are in line with the rates charged by attorneys in this district. *Santiago v. Lucky Lodi Buffet Inc.*, 2016 WL 6138248, at *4 (D.N.J. Oct. 21, 2016) (approving an hourly rate of $450.00 per hour for a law firm partner and $375.00 per hour for an associate with approximately 4 years of employment law experience); *see also*, *Jian Zhang v. Chongqing Liuyishou Gourmet NJ Inc*, 2019 WL 6318341, at *4 (D.N.J. Nov. 26, 2019) (approving an hourly rate of $550.00 per hour for a law firm partner and $350.00 for a managing associate); *Punter v. Jasmin Int'l Corp.,* 2014 WL 4854446, at *7 (D.N.J. Sept. 30, 2014) (approving an hourly rate of $300.00 per hour for an associate with "over two years of litigation experience and a substantial portion of his practice relates to representation of employment matters").

Mr. Ciliotta earned his B.A. from Vanderbilt University in 2015 and his J.D. from Penn State Law School in 2018; he was admitted to practice in New York in 2019 and in New Jersey in 2021. Mr. Ciliotta joined Katz Melinger PLLC in 2018 and focused his practice on all aspects of employment litigation, with a particular focus on wage and hour cases, until he left the practice in 2021.

Mr. Cabrera earned his B.A from University of California, Berkeley, and his J.D. from City University of New York School of Law. He has been a member in good standing of the New York Bar since 2017 and has focused his practice on employment law since May 2019. Mr. Cabrera joined the firm in January of 2022.

Ms. Morales earned her B.B.A. from Pace University in 2014 and her J.D. from Georgetown University Law Center in 2017; she was admitted to practice in New York in 2018 and New Jersey in 2020. Prior to joining the firm in 2017, Ms. Morales worked on various employment law matters while maintaining part-time positions with private law firms, universities, and nonprofits. Since joining the firm in 2017, Ms. Morales has focused her practice exclusively on employment law matters.

Ms. Grunfeld has been the senior associate at Katz Melinger PLLC for more than nine years. She earned her B.A. in 1998 from Yale University, and her J.D. in 2004 from New York University School of Law. Ms. Grunfeld was admitted to practice in the courts of New York in 2005 and New Jersey in 2018, and has focused on plaintiffs' employment matters for more than fourteen years. She currently serves as Vice President of the Board of the New York chapter of the National Employment Lawyers Association.

Mr. Katz is the sole member of Katz Melinger PLLC, a boutique firm with substantial experience representing plaintiffs in wage and hour matters. Mr. Katz earned his B.A. in 2000

from the State University of New York at Albany, and his J.D. in 2003 from Hofstra University School of Law, with an award recognizing his achievements in the employment law field. Mr. Katz was admitted to practice in the courts of New York in 2004 and New Jersey in 2016, and has focused his practice in litigation since 2003.

The $3,327.03 fee sought by Plaintiff's counsel is well below Plaintiff's counsel's "lodestar" amount of $7,862.00 on Plaintiff's FLSA claims, and is therefore reasonable. *See e.g. Bredbenner v. Liberty Travel, Inc.,* 2011 WL 1344745, at *22 (D.N.J. Apr. 8, 2011) (approving a 1.88 multiplier); *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1998) (noting that "[m]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.") (internal citations omitted). As set forth herein, Plaintiff's counsel negotiated a favorable settlement for Plaintiff, despite the fact that Plaintiff's claims were strongly contested by Defendants. Moreover, by reaching a settlement with Defendants, Plaintiff avoids the risk of receiving an unfavorable outcome in this matter.

Accordingly, Plaintiff and Defendants respectfully request judicial approval of their proposed settlement agreement, and further request permission to submit a stipulation of discontinuance with prejudice consistent with the requirements of Fed. R. Civ. P. 41(1) (a) (ii) as to Defendants.

| By: | */s/ Nicole Grunfeld* | By: | */s/ Marc Garbar* |
|---|---|---|---|
| | Nicole Grunfeld | | Marc S. Garbar |
| | Katz Melinger PLLC | | Brandon J. Broderick, |
| | 370 Lexington Avenue, Suite 1512 | | Attorney at Law |
| | New York, New York 10017 | | 65 East Route 4, 1st Floor |
| | T: (212) 460-0047 | | River Edge, New Jersey 07661 |
| | Ndgrunfeld@katzmelinger.com | | T: (201) 397-1424 |
| | *Attorneys for Plaintiff* | | mgarbar@201employmentlaw.com |
| | | | *Attorneys for Defendants* |