EXHIBIT 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") made and entered into this March ___, 2022 [5/18/2022], by and between Norma Amaya in her capacity as an individual and on behalf of her heirs, executors, administrators, attorneys, successors and assigns (referred to collectively as "Plaintiff") and Meticulous Cleaning Services, Inc. ("Meticulous") and Zerlinda Rodriguez ("Rodriguez")(collectively "Defendants"), on behalf of themselves, their parents, subsidiaries, any sponsor entity or affiliate corporation, predecessor and successor corporations, as well as their assigns, officers, directors, trustees, administrators, agents, insurers, employees, heirs, executors, administrators, successors, assigns and attorneys in their capacity as such for Defendants (referred to collectively, individually and/or any combination thereof, hereafter as "Releasees"). Plaintiff and the Releasees are referred to collectively as the "Parties."

**WHEREAS**, Meticulous employed Plaintiff for a period of time until her separation from employment during or about February 2021;

**WHEREAS**, on or about March 18, 2021, Plaintiff filed a Complaint, *Amaya v. Meticulous et al*, case number 2:21-cv-5687, in the United States District Court for the District of New Jersey (the "Action") alleging violations of State and Federal Labor Law; and State and Local Human Rights Laws against Defendants;

**WHEREAS** the Action includes claims for violation of the Fair Labor Standards Act and parallel provisions of New Jersey State Labor Law ("Wage/Hour Claims");

**WHEREAS** Releasees deny Plaintiff's allegations in the Action but the Parties desire to compromise their dispute, avoid expense and inconvenience, and terminate the controversy;

1

**WHEREAS,** Plaintiff acknowledges and agrees that she has entered into this Agreement knowingly, freely and voluntarily without threats or coercion of any kind by anyone; and

**WHEREAS,** Plaintiff acknowledges and agrees that she fully understands the meaning and effect of the execution of this Agreement.

**NOW, THEREFORE,** in consideration of the promises, mutual representations, covenants, assurances, and warranties set forth herein, the sufficiency and receipt of which is hereby acknowledged, the undersigned do hereby agree to be bound by the following terms and conditions. This Agreement is solely for the compromise of disputed claims, to avoid expense, and to terminate all controversy in, or claims for, damages or relief of Wage/Hour Claims, by Plaintiff against Releasees from the beginning of time through the date of Plaintiff's execution of this Agreement and Release, including those Wage/Hour Claims in any way asserted in the Action or growing out of or connected with Plaintiff's employment with and compensation from and/or conclusion of employment with the Defendants.

1. Neither the negotiation, undertaking, agreement, nor execution of this Agreement shall constitute or operate as an acknowledgment or admission of any kind by Releasees that they have: (a) committed any unlawful, unprofessional, unethical or discriminatory practice; (b) violated any federal, state or local statute, rule or regulation; and/or (c) breached any obligation or otherwise incurred any liability to Plaintiff. Releasees expressly deny any wrongdoing and the worthiness of any claim asserted in the Action or anywhere else by Plaintiff.

2. The Parties acknowledge and agree that this Agreement supersedes any and all prior agreements, whether written or oral, if any, between Plaintiff and Releasees except that this

DocuSign Envelope ID: BD2C7526-DEBD-4C61-9543-EEC9317A5F80

Paragraph shall not apply to the Parties' settlement agreement with respect to Plaintiff's non-Wage/Hour Claims.

3. In full and complete settlement of all Wage/Hour Claims that Plaintiff has or may have, Plaintiff agrees not to sue Releasees, either in her individual capacity or as a member of any class, and hereby expressly waives her rights to bring or pursue any lawsuit, grievance, arbitration or administrative proceeding, upon any Wage/Hour Claims she has or may have had against Releasees from the beginning of time through the date of Plaintiff's execution of this Agreement. Plaintiff, in both her individual capacity and as a member of any class, hereby irrevocably and unconditionally releases and forever discharges Releasees from any actions, charges, causes of action, suits, obligations, promises, agreements, damages, debts, complaints, liabilities, claims, grievances, arbitrations, costs, losses, rights, expenses and/or any controversies in law or equity of any nature whatsoever asserted or unasserted, known or unknown, suspected or unsuspected, which she ever had, now has or hereinafter may have against Releasees regarding any Wage/Hour Claim arising on or before the execution of this Agreement.

4. Plaintiff acknowledges and understands that by executing this Agreement she cannot, except as provided herein, either in her individual capacity or as a member of any class, in the future file any claim, grievance and/or demand for arbitration or bring any action, lawsuit, charge or proceeding with any federal, state or local court against Releasees arising from any Wage/Hour Claims arising on or before the date of this Agreement.

5. In exchange for the releases and promises contained in this Agreement and in full settlement of all claims, Releasees agree to pay Plaintiff the amount of Ten Thousand Five Hundred ($10,500.00) Dollars (the "Settlement Funds"), as set forth below:

A. Within thirty days of the Court's approval of the full execution of this Agreement, Releasees agree to transmit a check payable to Katz Melinger PPLC, as attorneys, in the amount of One Thousand Five Hundred ($1,500.00) Dollars.

B. During the course of the subsequent six (6) months thereafter, and at the conclusion of each of said months, Releasees agree to transmit a check payable to Katz Melinger PLLC , as attorneys, in the amount of One Thousand Five Hundred ($1,500.00) Dollars.

C. The foregoing checks shall be sent to Plaintiffs' counsel.

D. It is expressly understood that Releasees have paid for Plaintiff's attorneys' fees in full and that neither Plaintiff nor her attorneys are entitled to, nor shall they seek, any other attorneys' fees from Releasees in connection with this or any future matter. It is further expressly understood that Plaintiff is not, in any manner, the prevailing party with respect to any matter concerning Releasees.

E. In the event that any of the foregoing payments are not received in full or any checks are returned for insufficient funds, then, upon the expiration of 5 business days after a notice to cure is sent by electronic and certified mail to Defendants' counsel, Plaintiff may file a complaint against Defendants for breach of this Agreement without further notice and shall be entitled to recover from Defendants: (i) any unpaid portion of the Settlement Funds; (ii) liquidated damages in the amount of $5,000.00; and (iii) all costs,

DocuSign Envelope ID: BD2C7526-DEBD-4C61-9543-EEC9317A5F80

        disbursements, and reasonable attorneys' fees incurred by Plaintiff as part of any effort to enforce the terms of this Agreement.

    F.    Defendants represent that they are solvent and fully intend to honor the above payment obligations.

6.    .Plaintiff acknowledges that she and Plaintiff's counsel have agreed how to allocate the Settlement Funds as set forth in Paragraph 5. Plaintiff also acknowledges and agrees that no representations as to the taxability or exemption from taxation of the Settlement Funds have been made to her, and further acknowledges and agrees that she agrees to pay any and all federal and state taxes which are required by law to be paid, and shall be solely responsible for any and all taxes due or owing on the Settlement Funds, including any and all additional payments (including interest and penalties). Plaintiff and Plaintiff's counsel agree to indemnify and hold Defendants harmless against any and all associated audits, actions, suits, costs, and damages, including but not limited to payment of charges, assessments, interest, penalties or other liabilities (including without limitation those due to failure to make proper withholding and any amount Defendants may be required to pay as taxes, deficiencies, levies, assessments, fines, penalties, interest or otherwise), which may be brought against them in the future by governmental taxing authorities in an effort to recover any amounts which Plaintiff is required to pay pursuant to any state, local or federal tax law(s), rule(s) or regulations as related to this Agreement.

7.    Plaintiff hereby represents that she understands the meaning and effect of this Agreement. Plaintiff further represents that she was provided sufficient opportunity to reflect upon her decision to enter into this Release, and that she has voluntarily and freely entered into this Agreement

DocuSign Envelope ID: BD2C7526-DEBD-4C61-9543-EEC9317A5F80

8.   The Parties represent that each will not, in any way, publicly make, solicit or publish any comments, statements, observations or the like, whether written or oral, that are derogatory or detrimental to the good name or reputation of the other Party. Should either Party breach this provision, the -breaching Party shall be liable to the non-breaching Party for any legal fees and costs accrued by non-breaching Party in pursuit of resolving the breach(es). The Parties agree that this provision is material and any breach of this provision will result in irreparable harm.

9.   This Agreement contains the entire understanding of the Parties hereto with respect to the subject matter contained herein. There are no restrictions, promises, warranties, covenants, or undertakings, other than those expressly set forth or referred to herein. This Agreement may be amended only by an instrument in writing executed by both Parties hereto and when so executed such instruments shall become part of this Agreement.

10.   The Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. An electronic signature and/or an executed copy of this Agreement transmitted by facsimile or e-mail, shall be accepted and enforceable as if it were an original.

11.   Any claim or controversy arising out of or related to this Agreement or the interpretation thereof may be brought in a court of competent jurisdiction in New Jersey. The Parties agree that irrespective of the outcome of any litigation conducted hereunder in all circumstances the Release embodied in this Agreement shall survive and continue in full force and effect.

12.   The governing law of this Agreement shall be the substantive and procedural laws of the State of New Jersey, without regard to its conflict of law provisions.

13. This Settlement Agreement is not effective until and unless the Parties execute a release agreement with respect to Plaintiff's non-Wage/Hour claims.

*Norma Amaya* (signature)

Norma Amaya

Releasees

*Zerlinda Rodriguez* (DocuSigned)
Zerlinda Rodriguez

*Zerlinda Rodriguez* (DocuSigned)
Meticulous Cleaning Services Inc.
By: Zerlinda Rodriguez, President